UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV89-03-MU

| | |
|---|---|
| MED TOM SAYAVONG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| JOHN NEAL VAUGHAN, Supt., Odom ) | |
| Correctional Institution ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus filed July 27, 2009 (Doc. No. 1); Respondent's Motion for Summary Judgment filed August 6, 2009 (Doc. No. 4); and Petitioner's Traverse filed August 12, 2009 (Doc. No. 8).

### I. PROCEDURAL BACKGROUND

On January 11, 2000, Petitioner was convicted, after trial by jury, of trafficking in MDMA by possession, trafficking in MDMA by delivery, trafficking in MDMA by transportation, conspiracy to traffic in MDMA, and carrying a concealed weapon. Petitioner was sentenced to two consecutive mandatory terms of 35-42 months imprisonment.

Petitioner appealed and on July 1, 2008, the North Carolina Court of Appeals issued an unpublished opinion finding no error. The Supreme Court of North Carolina denied certiorari on December 11, 2008.

On February 23, 2009, petitioner filed a motion for appropriate relief (MAR) in the Superior Court of Catawba County. On March 3, 2009, the Honorable Timothy S. Kincaid summarily denied

1

the MAR. On June 23, 2009, Petitioner filed a certiorari petition in the North Carolina Court of Appeals, which was denied on July 8, 2009.

On July 27, 2009, Petitioner filed the instant motion alleging that his trial counsel was ineffective for failing to object to the jury instructions on the conspiracy offense and therefore failed to preserve this issue for appeal; and his appellate counsel was ineffective in failing to argue in his brief that the trial court's jury instruction on the conspiracy charge amounted to plain error.

## II. STANDARD OF REVIEW

Generally speaking, the standard of review to be applied by the Court to habeas cases is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001). Indeed, as the Burch Court noted:

> [p]ursuant to the standards promulgated in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication; (1) "resulted in a decision that was contrary to, or involved as unreasonable application of, clearly established Federal laws, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ."

Id. (Internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not

issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

Finally, the applicable standard of review is to be applied to "all claims 'adjudicated on the merits," that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.2d 445, 455 (4th Cir. 1999).

### III. ANALYSIS

#### A. Ineffective Assistance of trail Counsel

Petitioner first contends that was denied effective assistance of counsel because his lawyer failed to object to the jury instructions on the conspiracy offense and therefore failed to preserve this issue for appeal. Petitioner also complains that his appellate counsel was ineffective because he failed to raise in his brief that the court's instruction on the conspiracy charge amounted to plain error.

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In order to satisfy the performance prong, the Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). The prejudice prong is satisfied by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing Strickland, 466 U.S. at 697. Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

While Petitioner is correct that his lawyer failed to object to the jury instructions on the conspiracy charge and therefore failed to preserve the issue for appeal and that his appellate counsel did not raise the issue in his appellate brief, he suffered no prejudice because the North Carolina Court of Appeals rendered an alternative ruling on this issue, finding both that it had not been preserved for appellate review and that the claim was without merit. Specifically the Court of Appeals' opinion stated in pertinent part;

> Defendant brings forward only one of his two assignments of error. Defendant specifically assigns error to the "jury instructions and entry of Judgment and Commitment in the conspiracy case; on the grounds that the jury instruction authorized jurors to convict for a crime, or theory of guilty, not alleged in the indictment." Defendant was indicted for conspiracy with Moretz to commit the felony of trafficking to possess, transport, sell and deliver MDMA to Detective Syzkula. The trial court provided the following instructions on the charge of conspiracy to traffic in MDMA by possession, transportation, sale, and delivery:

The next verdict sheet you will consider is whether the defendant, Med Tom Sayavong, is guilty of conspiracy to traffic in MDA [sic] by possession, transportation, sale and delivery of MDA – of MDMA or whether he's guilty of conspiracy to possess, transport, sell and deliver MDMA. The defendant has been charged with feloniously conspiring to traffic in MDMA by possession, transportation, sale and delivery of the same. For you to find the defendant guilty of this offense, the State must prove three things beyond a reasonable doubt:

First, that the defendant and Chad Moretz entered into an agreement.

Second, that the agreement was to commit a crime, namely possessing, transporting, selling, and delivering cocaine [sic]. Now, I have explained possession, transportation, and delivery, what those terms mean, but I have not explained the sale. And the offense of selling cocaine – MDMA, strike that – selling MDMA. For you to find the defendant guilty of the offense of selling MDMA, the State must prove beyond a reasonable doubt that the defendant knowingly sold MDMA to Chad Moretz and to T. Syzkula – I'm not sure how to pronounce that. It's S-Y-Z-U-K-U-L-A – in an amount of 100 dosage units or more, but less than 500 dosage units; or 28 grams or more, but less than 200 grams of MDMA.

And third – the third element you have to find is that the defendant and Chad Moretz intended that the agreement be carried out at the time it was made.

Now, if you find from the evidence beyond a reasonable doubt that on or about the alleged date, the defendant agreed with Chad Moretz to commit the crime of trafficking in MDMA by possession, transportation, sale and delivery of the same, and that the defendant and Mr. Moretz intended at the time the agreement was made that it would be carried out, it would be your duty to return a verdict of guilty. If you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to consider whether or not he's guilty of conspiracy to possess, transport, sell and deliver MDMA. For you to find the defendant guilty of this offense, the State must prove three things beyond a reasonable doubt:

First, that the defendant and Chad Moretz entered into an agreement.

Second, that the agreement was to commit the crimes of possessing, transporting, selling and delivering MDMA – and you will remember how I explained possession, transport, sell, and deliver in your deliberations.

And third, the defendant and Chad Moretz intended the agreement be carried out at the time it was made. If you find from the evidence beyond a reasonable doubt that on or about the alleged date, the defendant agreed with Chad Moretz to commit the crime of possessing, transporting, selling, and delivering MDMA, and that the defendant and Mr. Moretz intended at the time the agreement was made that it could be carried out, it would be your duty to return a verdict of guilty. If you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.

(Emphasis added)

Following an objection by the State, the trial court restated the jury instructions for conspiracy to traffic as follows:

Members of the jury, there's some dispute as to whether or not I omitted a word in the instructions. So let me – it would have been with respect to the instruction on whether or not the defendant is guilty of conspiracy to traffic in MDMA on possession, transportation, sale and delivery, or guilty of conspiracy to possess, transport, sell and deliver MDMA or not guilty. For you to find the defendant guilty of conspiracy to traffic in MDMA, by possession, transportation, sale, or delivery, the State must prove beyond a reasonable doubt three things:

First, that the defendant and Chad Moretz entered into an agreement.

Second, that the agreement was to commit the crime of trafficking in MDMA by possession, transportation, sale and delivery.

And third, that the defendant and Chad Moretz intended that the agreement be carried out at the time it was made. Now you may return to the jury room.

Defendant did not object to the jury instructions.

Defendant challenges the portion of the jury instructions which defines the offense of conspiracy to traffic by sale to include defendant selling MDMA to Moretz as well as selling MDMA to Syzkula. Defendant concedes that the evidence "supports a jury finding that [defendant] and Mr. Moretz agreed that Mr. Moretz would sell [pills] to [Detective] Syzkula," but asserts the evidence did not support a rational conclusion that defendant agreed with Moretz to sell 100 or more MDMA pills to Moretz.

Defendant did not object to this jury instruction at trial and therefore failed to properly preserve this error for review on appeal. N.C.R. App. P. 10(b)(2) (2008) ("A party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict.") In the record on appeal, defendant assigns plain error to the jury instructions, but fails to argue in his brief that the trial court's instruction amounted to plain error. Because defendant fails to argue in his brief that the trial court's instruction amounted to plain error, defendant has waived his right to appellate review of this assignment of error. See State v. Scercy, 159 N.C. App. 344, 583 S.E. 2d 339 (holding that if a defendant fails to argue plain error in his brief, he waives the right to appellate review of such assignment of error, even if the defendant specifically and distinctly asserts plain error in the assignment of error), disc. review denied, 357 N.C. 581, 589 S.E. 2d 363 (2003).

However, assuming arguendo that defendant had sufficiently argued plain error in his brief,

there was no error in the jury instructions. Considered in the context of the entire jury instructions, it is clear that the trial court's misstatement of the law concerning the sale to Moretz was an unintentional slip of the tongue, which amounted to nothing more than a lapsus linguae. The North Carolina Supreme Court has held that "a lapsus linguae not called to the attention of the trial court when made will not constitute prejudicial error when it is apparent from a contextual reading of the charge that the jury could not have been misled by the instruction." State v. Baker, 338 N.C. 526, 565 451 S.E.2d 574, 597 (1994). Here, the court ultimately set forth the required elements that the jury needed to find to properly determine whether defendant conspired with Moretz to traffic in MDMA by possession, transportation, sale, and delivery. Defendant has not shown that the jury was misled by the instructions or that the trial court committed error so fundamental as to result in a miscarriage of justice. We conclude that the trial court's lapsus linguae did not amount to plain error.

Defendant argues in his reply brief that he is not attacking the trial court's jury instructions, but is challenging the sufficiency of the evidence. Defendant, however, did not bring forward his first assignment of error in which he assigns error to the sufficiency of the evidence and directs this Court's attention to his motions to dismiss at the close of the State's evidence and at the close of all the evidence. Rather, the assignment of error defendant brought forward assigns error to the trial court's jury instructions. Further, under his second assignment of error, defendant directs this Court's attention to the trial court's jury instructions by making specific record references to the trial court's charge to the jury on the substantive offenses and the Judgment and Commitments. See N.C.R. App. P. 10(c)(1) ("An assignment of error is sufficient of it directs the attention of the appellate court to the particular error about which the question is made, with clear and specific record or transcript references.) In fact, defendant underlined and bracketed certain portions of the trial court's charge which he excerpted in the record. To the extent defendant has preserved the sufficiency issue for our review and brought it forward by the assignment of error referenced in the brief, we find defendant's argument is without merit as the State presented sufficient evidence to allow a reasonable juror to conclude defendant conspired with Moretz to traffic in MDMA by possession, transportation, sale and delivery. No error.

<u>State v. Sayavong</u>, 662 S.E. 2d 577 ( 2008)

As is clear from this opinion, even if trial counsel had properly objected to the jury instructions on the conspiracy charge, and even if appellate counsel had properly argued this issue in Petitioner's brief, the result would have been the same. Indeed, the Court of Appeals actually denied the claim alternatively on its merits, despite the fact that counsel did not object at trial and despite the fact the appellate counsel failed to argue in his brief that the jury instruction on the

7

conspiracy charge amounted to plain error. Petitioner did receive a merits adjudication on this issue on direct appeal, therefore there could be no prejudice resulting from trial counsel's failure to object or appellate counsel's failure to properly argue this issue on appeal. Indeed, had both the objection been made and the argument preserved, the result would have been the same. Therefore, Petitioner cannot establish prejudice and his ineffective assistance of counsel claims must fail.

Moreover, Petitioner raised the substance of these claims in his MAR. (See. Ex. 8 to State's Motion for Summary Judgment). Judge Kincaid summarily, albeit alternatively, denied the MAR on the merits. This summary adjudication on the merits is correct. The adjudication is not contrary to, nor an unreasonable application of, the relevant Supreme Court law, i.e. <u>Strickland</u>. Furthermore, it is not based upon an unreasonable determination of the facts in light of the evidence presented in state court. Therefore, Petitioner's ineffective assistance of counsel claims are denied pursuant to § 2254(d) and (e).

## IV. ORDER

**THEREFORE IT IS HEREBY ORDERED** that

(1) Respondent's Motion for Summary Judgment (Document No. 4) is **GRANTED**;

(2) Petitioner's § 2254 Motion (Document No. 1) is **DENIED** and **DISMISSED**; and

**SO ORDERED**.

Signed: October 1, 2009

*[Signature]*

Graham C. Mullen
United States District Judge